IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-41376
Summary Calendar

CARLOS AVILES ARMENTA

Plaintiff-Appellant

v.

JOHN RUPERT, Warden; CHEQUITA DUNBAR, Law Library Supervisor; TAMMY SHARP; JASON KROLL, Laundry Manager at Telford Unit; JOE COPELAND, JR, Necessities Provider at Telford Unit; SHAWN DAVIS, Correctional Sergeant

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:05-CV-44

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Carlos Aviles Armenta, Texas prisoner # 743688, appeals the grant of the defendants' motion for summary judgment and the dismissal of his 42 U.S.C. § 1983 action. Armenta alleged that the defendants denied him access to the courts; denied him necessities and were deliberately indifferent to his need for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

such; retaliated against him for filing grievances regarding the denials; and tampered with his mail.

Armenta argues that the district court erred in granting the defendants' motion for summary judgment. Armenta has not shown that his filing of complaints or grievances motivated any retaliation nor has he shown a chronology of events from which retaliation could be inferred. See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Nor has he shown that the deprivations he suffered rose to the level of a constitutional violation. See Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir. 1989); Novak v. Beto, 453 F.2d 661, 665 (5th Cir. 1971). Accordingly, the district court did not err in granting summary judgment in favor of the defendants on these claims.

Because Armenta failed to show that the defendants violated his constitutional rights regarding his retaliation and necessities claims, he failed to show that the defendants were not entitled to qualified immunity. See Zarnow v. City of Wichita Falls, Tex., 500 F. 3d 401, 407 (5th Cir. 2007).

Because the district court did not err in granting the defendants' motion, we do not address whether it erred in denying Armenta's cross-motion, which, liberally construed, is more in the nature of an opposition to the defendants' motion. Armenta does not raise on appeal and thus has waived his claims that he was denied access to the courts and that his mail was tampered with. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Armenta argues that the district court abused its discretion by denying his motion for a continuance or stay in order to complete discovery. Because Armenta did not file any affidavits in support of his motion and, although he asserted that the requested discovery would create genuine issues of material fact, he did not show how it would do so, the district court did not abuse its discretion in denying Armenta's motion for continuance. See Adams v. Travelers Indem. Co. of Connecticut, 465 F.3d 156, 162 (5th Cir. 2006); FED. R. CIV. P. 56(f).

Armenta states, but does not argue, that the district court erred in denying his motion for appointment of counsel and by denying his motion to file supplemental pleadings. He has effectively abandoned these claims by not briefing them adequately. See Yohey, 985 F.2d at 224-25; FED. R. APP. P. 28(a)(9).

The judgment of the district court is AFFIRMED.