# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2021

Lyle W. Cayce
Clerk

No. 21-40185
Summary Calendar

Esmeralda Vega, Individually and as Estate
Representative of Luis Yiar Alvarez, Deceased;
Gretchen Perez, as next friend of G.N.A., a child,

*Plaintiffs—Appellants*,

*versus*

Cameron County, Texas; Omar Lucio, in his Official
Capacity; Sonny Pedraza,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:20-CV-39

Before Clement, Ho, and Oldham, *Circuit Judges*.

Per Curiam:*

Deputy Sonny Pedraza ("Deputy Pedraza") shot and killed Luis Yiar Alvarez ("Alvarez") when he responded to a domestic disturbance call and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40185

found Alvarez in possession of a butter knife. Esmeralda Vega—Alvarez' mother—and Gretchen Perez, as next friend of G.N.A.—Alvarez' child—sued defendants under 42 U.S.C. § 1983. Vega and Perez (hereinafter "Vega") asserted that Deputy Pedraza used excessive force against Alvarez when the deputy shot him multiple times despite his purported compliance with commands. Vega also brought a *Monell* claim for failure to train on the use of deadly force against Cameron County, Texas, and Sheriff Omar Lucio, in his official capacity.

The district court granted defendants' motion to dismiss, finding that, *inter alia*, Vega failed to provide the court with any policy, custom, or practice that could serve as the basis for her failure to train claim. It also found that the defendants were entitled to qualified immunity. Vega timely appealed.[1]

"We review a district court's decision on a 12(b)(6) motion de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam) (citation omitted). For a failure to train claim, "the complainant must identify the policy, connect the policy to the city itself[,] and show that the particular injury was incurred because of the execution of that policy." *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984) (en banc); *see also Lee v. Morial*, No. 01-30875, 2002 WL 971519, at *4 (5th Cir. Apr. 26, 2002) (considering *Bennett*'s pleading standard in the 12(b)(6)-context). Furthermore, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate

---

[1] Vega did not appeal the district court's dismissal of her excessive force claim; therefore, that claim is waived. *Armenta v. Rupert*, 255 F. App'x 32, 33 (5th Cir. 2007) (per curiam).

indifference to the rights of persons with whom the police come into contact." *City of Canton, Oh. v. Harris*, 489 U.S. 378, 388 (1989).

Vega cited no policy, custom, or practice that could serve as the basis for her action. Likewise, she alleged no facts that indicated any deliberate indifference to the rights of Alvarez. The district court did not err in dismissing Vega's conclusory allegations.

The district court's judgment is AFFIRMED.