**James Les LAKE, Individually and d/b/a East Texas Property Management, Appellant,**

v.

**PREMIER TRANSPORTATION, Appellee.**

No. 12–06–00001–CV.

Court of Appeals of Texas, Tyler.

Oct. 31, 2007.

Rehearing Overruled Jan. 8, 2008.

Dennis G. Black, Gregory D. Smith, for appellant.

John M. Gillis, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

SAM GRIFFITH, Justice.

James Les Lake appeals the trial court's judgment in favor of Appellee Premier Transportation. In four issues, Lake contends that (1) the trial court erred in ordering that certain jury findings be disregarded, (2) the jury findings do not support the trial court's judgment of individual liability against Lake, (3) Premier's recovery against East Texas Property Management, Inc. forecloses a further recovery against Lake, and (4) Premier cannot recover from Lake based on its quantum meruit claim. We affirm.

### BACKGROUND

East Texas Property Management, Inc. ("ETPM") is a corporation organized and owned by Lake. Premier Transportation ("Premier") is a company that transports mobile homes. In 2002, ETPM made an agreement with a Georgia company that ETPM would assist in the repossession of mobile homes in East Texas for that company.

Melissa Manning, an employee of ETPM, engaged Premier as a subcontractor to transport mobile homes for ETPM pursuant to its agreement with the Georgia company. Manning negotiated the agreement with Premier's director of operations, Jeff Davis.

During ETPM and Premier's working relationship, work orders for repossessions were received at ETPM by Manning, who forwarded the orders to Premier. Eventually, the Georgia company fell behind on its payments to ETPM. In turn, ETPM withheld payment to Premier. Thereafter,

a dispute arose between Premier and ETPM concerning whether ETPM was obligated to pay Premier even if the Georgia company had failed to pay ETPM. Ultimately, the working relationship between ETPM and Premier ended.

Premier initially filed suit against Lake individually and d/b/a East Texas Property Management, among others, seeking recovery under breach of contract and quantum meruit. Lake answered and specifically denied that he was liable in the capacity sued and that he conducted business under an assumed or trade name. Premier later discovered that ETPM was incorporated and amended its pleadings accordingly. Following a trial on the merits, a jury found that ETPM and Lake were liable to Premier both for breach of contract and pursuant to its quantum meruit claim. Additionally, the jury was also charged as follows:

### QUESTION NUMBER 9

Did James Les Lake disclose to Premier Transportation (a) the identity of East Texas Property Management Service, Inc.; and (b) that James Les Lake was acting as an agent of East Texas Property Management Service, Inc.? (Answer "Yes" or "No")

. . . .

### QUESTION NUMBER 9A

Find what date the disclosure was made and that James Les Lake was acting as an agent of East Texas Property Management Service, Inc. (Answer, if any, month, day[,] and year)

The jury answered "Yes" to Question 9 and answered "On or about 7/11/02" for Question 9A.

■ Subsequently, Premier filed a motion to disregard the jury's answer to questions 9 and 9A. The trial court grant-

ed Premier's motion and entered judgment for Premier against ETPM and Lake jointly and severally. This appeal followed.

### ORDER DISREGARDING JURY FINDINGS

■ In his first issue, Lake contends that the trial court erred in ordering that the jury's responses to Questions 9 and 9A be disregarded because the findings were properly supported by the evidence. A court cannot disregard a jury finding unless the issue is immaterial or the finding is unsupported by the evidence. *L & F Distributors v. Cruz,* 941 S.W.2d 274, 279–80 (Tex.App.-Corpus Christi 1996, writ denied) (citing *Spencer v. Eagle Star Ins. Co. of Am.,* 876 S.W.2d 154, 157 (Tex. 1994)). Whether the findings are supported by the evidence is resolved under the standard of review for challenges to the legal sufficiency of the evidence. *McAlpin v. Sanchez,* 858 S.W.2d 501, 508 (Tex.App.-Corpus Christi 1993, writ denied); *see also Fort Bend County Drainage Dist. v. Sbrusch,* 818 S.W.2d 392, 394 (Tex.1991) (court may disregard jury findings if a directed verdict would have been proper). Accordingly, we consider only evidence and inferences supporting the findings and disregard all contrary evidence and inferences. *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995). In so doing, we must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005).

■ In the case at hand, Lake must demonstrate that the record contains more than a scintilla of evidence to support the jury's answers to Questions 9 and 9A in order to establish that the trial court erred by disregarding the jury's findings. *See Holloway v. Skinner,* 898 S.W.2d 793, 796 (Tex.1995). There is more than a scintilla

of evidence where the evidence supporting the finding, as a whole, "rises to a level that would enable reasonable and fair minded people to differ in their conclusions." *Crye,* 907 S.W.2d at 499.

■ With regard to their liability on corporate contracts, officers of corporations are in the same position as agents of private individuals. *See Burch v. Hancock,* 56 S.W.3d 257, 261 (Tex.App.-Tyler 2001, no pet.). In order for an agent to avoid personal liability on a contract entered into by the agent on behalf of the principal, the agent must disclose (1) the fact that the agent is acting in a representative capacity and (2) the identity of the principal. *Id.* The party with whom the agent deals has no duty to discover the principal. *Id.* It is properly inferred that the agent is a party to the contract until the agent gives such complete information concerning the principal's identity that the principal can be readily distinguished. *Id.* If the other party has no reasonable means of ascertaining the principal, the inference prevails unless the parties have agreed otherwise. *Id.; see also* RESTATEMENT (SECOND) OF AGENCY § 321 cmt. a (1958). In other words, disclosure of an agency is incomplete for the purpose of relieving an agent from personal liability unless it included the name of the principal. *Burch,* 56 S.W.3d at 261; *see A to Z Rental Ctr. v. Burris,* 714 S.W.2d 433, 435 (Tex.App.-Austin 1986, writ ref'd n.r.e.). Furthermore, the use of a trade name is generally an insufficient disclosure of the principal's identity and the fact of agency so as to protect the agent against personal liability. *Burch,* 56 S.W.3d at 261–62. An agent cannot claim immunity from personal liability merely because the party with whom the agent dealt had a means of discovering the agent's representative capacity. *Id.* at 262. The test of disclosure is the other party's knowledge, or reason-

able grounds to know of the principal's existence or identity, irrespective of the source from which the other party obtains it. *Id.; see Burris,* 714 S.W.2d at 435. The other party's *actual knowledge* of the principal, not just the other party's suspicion, is the test. *Burris,* 714 S.W.2d at 435.

■ However, in making this determination, we must look at the time the contract was entered into. *Burch,* 56 S.W.3d at 262; *see Lacquement v. Handy,* 876 S.W.2d 932, 940 (Tex.App.-Fort Worth 1994, no writ). Knowledge of the real position of affairs acquired after a cause of action has accrued cannot affect the right to recover from the agent personally on a contract. *Burch,* 56 S.W.3d at 262; *see Dodson v. Peck,* 75 S.W.2d 461, 463 (Tex. Civ.App.-Amarillo 1934, writ dism'd w.o.j.).

Premier argues that the trial court properly disregarded the jury's responses to Questions 9 and 9A because there is no evidence that Lake disclosed to Premier during contractual negotiations that the principal, ETPM, was a corporation. We are not aware of a case specifically holding that in order to properly identify a corporate principal, whose name is otherwise the same but for the abbreviated corporate designation "Inc.," a corporate agent must use the corporate designation. Nonetheless, we hold that such is a reasonable conclusion. With regard to their liability on corporate contracts, officers of corporations are in the same position as agents of private individuals. *See Burch,* 56 S.W.3d at 261. Disclosure of a principal is incomplete unless the principal is identified by name. *Id.* at 261. Further, a trade name is not sufficient identification to satisfy the disclosure requirements. *Id.* at 261–62. Moreover, it is statutorily required that the name of a Texas corporation contain the word "corporation," "company," or "incorporated," or an abbreviation of one of

such words. *See* TEX. BUS. CORP. ACT ANN. art. 2.05A(1) (Vernon Supp.2006). Finally, it is conceivable that a party contracting with a corporate agent who disclosed a business as a principal without noting a corporate designation in the principal's name could reasonably assume that he was doing business with an individual operating under an assumed name.

We have reviewed the record in its entirety. There is some evidence that Lake was involved in the negotiations with Premier. However, there is no evidence of record that Lake, on or about July 11, 2002, disclosed to Premier that he was acting on behalf of the principal, East Texas Property Management Services, Inc. Therefore, we hold that the trial court correctly disregarded the jury's findings to Questions 9 and 9A. Lake's first issue is overruled.

### FINDINGS TO SUPPORT JUDGMENT OF INDIVIDUAL LIABILITY

■ In his second issue, Lake argues that the jury's response to Questions 9 and 9A notwithstanding, Premier failed to obtain findings necessary to support a judgment against him individually. Where the party with the burden of proof on an issue fails to obtain affirmative answers to jury questions as to necessary elements of that issue, he waives the issue. *See Sw. Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 495 (Tex.1991).

In the instant case, the jury was charged as follows:

#### Question Number 1

Did Premier Transportation and James Leslie Lake and/or East Texas Property Management, Inc. agree that Premier Transportation would be timely paid for services consisting of labor and materials, provided by Premier Transportation at the request of James Leslie

Lake and/or East Texas Property Management, Inc.?

Answer separately for each of the following (**Answer "Yes" or "No"**)

**ANSWER:**

A. James Leslie Lake_____

B. East Texas Property Management, Inc._____

. . . .

### Question Number 1A

Did James Leslie Lake fail to comply with the agreement? (**Answer "Yes" or "No"**)

**ANSWER:** _____

. . . .

### Question Number 4

■ Did Premier Transportation perform compensable work for James Leslie Lake and/or East Texas Property Management, Inc.?

. . . .

**ANSWER:**

A. James Leslie Lake_____

B. East Texas Property Management, Inc._____

In response to Question 1, the jury answered "Yes" with regard to both Lake and ETPM. The jury's response to Question 1A was likewise affirmative. Furthermore, as to Question 4, the jury responded "Yes" with regard to both Lake and ETPM. The essential elements of a breach of contract action are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Valero*

*Marketing & Supply v. Kalama Intern.*, 51 S.W.3d 345, 351 (Tex.App.-Houston [1st Dist.] 2001, no pet.). By its response to Questions 1, 1A, and 4, the jury found that (1) Lake agreed that Premier would be timely paid for services consisting of labor and materials provided by Premier at his request and/or that of ETPM, (2) Premier performed compensable work [1] for Lake, and (3) Lake failed to comply with this agreement.

Lake argues that he can be found individually liable only by implying a finding of personal obligation. However, there is no need to imply such a finding because the jury expressly found Lake individually liable for breach of contract.

■ Lake further argues that since neither Question 1 nor Question 1A asked the jury to determine whether Lake was acting individually or on behalf of ETPM or some other principal, the jury's verdict, when considered in its entirety including the disregarded findings, indicates a conflict between the jury's finding of liability as to both ETPM and Lake. Lake contends that the entirety of the jury's verdict indicates that the jury believed Lake was acting as an agent on behalf of ETPM, thereby obligating ETPM to make payment. With regard to Questions 1, 1A, and 4, issues concerning the correctness of the charge questions, the propriety of the submission, or the legal or factual sufficiency of the evidence is not before us. Thus, we focus our review only on the issue of the alleged conflict of the jury findings of liability as to both Lake and ETPM.

■ A complaint of conflicting jury findings is not preserved for appellate re-

---

1. In the court's charge, the jury was instructed that "[o]ne party performs compensable work if valuable services are rendered or materials furnished for another party who know-ingly accepts and uses them and if the party accepting them should have known that the performing party expects to be paid for the work."

view where the appellant does not raise any contention concerning conflicting jury findings before the jury is discharged. *See Springs Window Fashions Div., Inc. v. Blind Maker, Inc.,* 184 S.W.3d 840, 865 (Tex.App.-Austin 2006, pet. granted, remanded by agreement); *Wentz v. Austin,* No. 02–05–00026–CV, 2005 WL 3343727, at *2 (Tex.App.-Fort Worth Dec. 8, 2005, no pet.) (mem. op., not designated for publication); *Norwest Mortgage, Inc. v. Salinas,* 999 S.W.2d 846, 865 (Tex.App.-Corpus Christi 1999, pet. denied); *Isern v. Watson,* 942 S.W.2d 186, 191 (Tex.App.-Beaumont 1997, writ denied); *Ciba–Geigy Corp. v. Stephens,* 871 S.W.2d 317, 324 (Tex. App.-Eastland 1994, writ denied) (op. on reh'g).

 We initially note that Lake's argument that there are conflicting jury findings originated after the trial court disregarded the jury's responses to Questions 9 and 9A. Thus, Lake could not have been expected to object prior to the jury's being discharged because the trial court had not yet determined that the findings should be disregarded. Nonetheless, Lake was still required to preserve error with regard to his contention that certain of the jury's findings are in conflict with one another. *Id.* Texas Rule of Appellate Procedure requires that a party present a specific and timely objection to preserve error for appellate review. *See* TEX.R.APP. P. 33.1(a). To be considered timely, an objection must be specific enough to enable the trial court to understand the precise nature of the error alleged and interposed at such a point in the proceedings so as to enable the trial court the opportunity to cure the error alleged, if any. *See Beall v. Ditmore,* 867 S.W.2d 791, 795 (Tex.App.-El Paso 1993, writ denied). Moreover, the

objection must comport with the argument made on appeal. *See Phippen v. Deere & Co.,* 965 S.W.2d 713, 716 (Tex.App.-Texarkana 1998, no writ). In the instant case, Lake had several opportunities following the trial court's decision to disregard jury findings to raise the issue of conflicting jury findings, but failed to do so. Thus, we hold that Lake has waived the error, if any, of which he now complains. Lake's second issue is overruled.

### DOUBLE RECOVERY OF DAMAGES

 In his third issue, Lake argues that allowing Premier to recover against both him and ETPM amounts to an impermissible double recovery. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion and that the trial court ruled on the request, objection, or motion either expressly or implicitly; or refused to rule on the request, objection, or motion, and the complaining party objected to the court's refusal to rule. *See* TEX.R.APP. P. 33.1(a). A complaint that an award violates the "one satisfaction rule" is subject to the requirements of Rule 33.1. *See, e.g. Andrews v. Sullivan,* 76 S.W.3d 702, 708 (Tex.App.-Corpus Christi 2002, no pet.); *Johns v. Ram–Forwarding, Inc.,* 29 S.W.3d 635, 638 (Tex.App.-Houston [1st Dist.] 2000, no pet.).

In the case at hand, the record does not indicate that Lake made any objection that the trial court's award of damages to Premier amounted to an impermissible double recovery. Therefore, we hold that Lake has waived any such error. Lake's third issue is overruled.[2]

---

**2.** Having overruled Lake's first, second, and third issues, which related to Premier's breach of contract claim, we need not reach

Lake's fourth issue challenging the jury's finding of liability based on quantum meruit. *See Gentry v. Squires Const., Inc.,* 188 S.W.3d 396,

*DISPOSITION*

Having overruled Lake's first, second, and third issues, we *affirm* the trial court's judgment.

402–03 (Tex.App.-Dallas 2006, no pet.) (recovery under a theory of quantum meruit is prohibited if an express contract covers the services or materials for which claimant seeks recovery).