COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-074-CV

 

 

FRANK RENTERIA                                                                APPELLANT

 

                                                   V.

 

RANDALL SCOTT MYERS,                                                     APPELLEES

D/B/A
THE MYERS LAW FIRM 

AND
RANDALL SCOTT MYERS, 

INDIVIDUALLY

 

                                              ------------

 

           FROM
THE 153RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








In one issue, Appellant Frank
Renteria, pro se, asserts that the trial court abused its discretion by
granting summary judgment to his former attorney, Appellees Randall Scott
Myers, d/b/a The Myers Law Firm and Randall Scott Myers, Individually.  We affirm.

II.  Factual and Procedural Background

On June 24, 1998, Renteria
retained Myers to represent him in a federal criminal case,[2]
for which Myers charged a $25,000.00 fee, paid the following day. 

According to Renteria,
sixty-nine days elapsed between their first meeting and Myers=s next contact with him.  Also,
according to Renteria, A[n]ot at any
time did [Myers] hint, indicate, present, discuss, suggest, recommend or give
[Renteria] any plea agreement, nor inform [Renteria] of the consequences of
more time if the case was taken to trial,@ and there was no detailed discussion about constructing an
affirmative defense.   Myers requested
that Renteria meet him at a motel, and they spent about forty-five minutes
together on the night of September 7, 1998. 
Renteria=s trial
began the next morning.  








On September 8, 1998, a jury
convicted Renteria of the felony charges brought against him.  He was released on a $10,000.00 cash bond
pending a pre-sentencing report.  While
on release, Renteria fled and was re-arrested some four years later, on March
14, 2002; he was incarcerated, and sent to Waco for sentencing.  Renteria contacted Myers through Renteria=s cousin and demanded that Myers continue to represent him.  On March 16, 2002, Myers refused to do so
unless Renteria paid an additional fee of $10,000.00. 

On March 28, 2002, Renteria
informed the court of Myers=s position, and the court informed Renteria he would have to get
another attorney to represent him at the sentencing hearing.  The next day, Renteria retained attorney Jay
S. Norton and paid him $12,500.00 to represent him.  On May 8, 2002, Renteria was sentenced to 188
months in a federal correctional institution, a sentence that he is still
serving.








On January 4, 2004, Renteria
filed a demand letter, requesting that Myers return $12,500.00 to offset the
funds that he had to pay Norton. 
Renteria thereafter filed suit on May 4, 2004, pro se, against
Myers in the 153rd District Court of Tarrant County, alleging legal AMalpractice, Breach of Contract, Ethics and Professional Conduct.@  He specifically alleged, inter
alia, that Myers breached their contract and requested an addition $10,000 Afor service that had already been paid for.@  The case lay dormant for
approximately two and one-half years, after which Myers filed a Atraditional@ and Ano-evidence@ motion for
summary judgment.  Renteria responded to
the motion with an unsworn APlaintiffs [sic] Answer to Defendants [sic] Motion for Summary
Judgment,@ which
re-stated the allegations of his unsworn trial pleading and appended two Aaffidavits,@ a letter
from the deputy clerk of the Western District of the United States District
court, and a portion of a trial transcript. 
The court granted Myers=s motion on February 6, 2007. 
This appeal followed.   

III.  Summary Judgment

A.  Traditional

A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.  IHS
Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d
794, 798 (Tex. 2004); see Tex. R.
Civ. P. 166a(b), (c).  A defendant
is entitled to summary judgment on an affirmative defense if the defendant
conclusively proves all the elements of the affirmative defense.  Rhone-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 223 (Tex. 1999); see Tex.
R. Civ. P. 166a(b), (c).  To accomplish
this, the defendant-movant must present summary judgment evidence that
establishes each element of the affirmative defense as a matter of law.  Ryland Group, Inc. v. Hood, 924 S.W.2d
120, 121 (Tex. 1996).  When reviewing a
summary judgment, we take as true all evidence favorable to the nonmovant, and
we indulge every reasonable inference and resolve any doubts in the nonmovant=s favor.  IHS Cedars, 143
S.W.3d at 798. 

 

 








B.  No evidence

After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002).  The trial court must grant
the motion unless the nonmovant produces summary judgment evidence that raises
a genuine issue of material fact.  See
Tex. R. Civ. P. 166a(i) &
cmt.; Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).

When reviewing a no evidence
summary judgment, we examine the entire record in the light most favorable to
the nonmovant, indulging every reasonable inference and resolving any doubts
against the motion.  Sudan v. Sudan,  199 S.W.3d 291, 292 (Tex. 2006).  If the nonmovant brings forward more than a
scintilla of probative evidence that raises a genuine issue of material fact,
then a no evidence summary judgment is not proper.  Moore v. K Mart Corp., 981 S.W.2d 266,
269 (Tex. App.CSan Antonio
1998, pet. denied). 








When, as here, a trial court=s order granting
summary judgment does not specify the ground or grounds relied on for its
ruling, summary judgment will be affirmed on appeal if any of the theories
presented to the trial court and preserved for appellate review are
meritorious.  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003); Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).  When the trial court=s judgment rests
upon more than one independent ground or defense, the aggrieved party must
assign error to each ground, or the judgment will be affirmed on the ground to
which no complaint is made.  Scott v.
Galusha, 890 S.W.2d 945, 948 (Tex. App.CFort Worth 1994,
writ denied).

IV.  Review

A.  Pro Se Litigants








A pro se litigant is held to the same standards as
licensed attorneys and must comply with applicable laws and rules of
procedure.  Mansfield State Bank v.
Colon, 573 S.W.2d 181, 184B85 (Tex. 1978); Williams
v. Capitol County Mut. Fire Ins. Co., 594 S.W.2d 558, 559 (Tex. Civ. App.CFort Worth 1980,
no writ).  The rules of appellate
procedure require that an appellant=s brief contain Aa clear and
concise argument for the contentions made, with appropriate citations to
authorities and to the record.@  Tex. R. App. P. 38.1(h); Amir-Sharif v. Hawkins, 246 S.W.3d
267, 270 (Tex. App.CDallas 2007, pet. dism=d w.o.j.).  An issue on appeal unsupported by argument or
citation to any legal authority presents nothing for this court to review.  Birnbaum v. Law Offices of G. David
Westfall, 120 S.W.3d 470, 477 (Tex. App.CDallas 2003, pet.
denied), cert. denied, 543 U.S. 1051 (2005).  

Similarly, we cannot speculate as to the substance of the
specific issues Renteria claims that we must address.  Strange v. Cont=l Cas. Co., 126 S.W.3d 676,
678 (Tex. App.CDallas 2004, pet. denied), cert. denied,
543 U.S. 1076 (2005).  This court has no
duty to perform an independent review of the record and applicable law to
determine whether the complained-of error occurred.  Id.; Amir-Sharif, 246 S.W.3d at
270.  We can give no preference to those
not represented by counsel because, were we to do so, we would be abandoning
our role as impartial interpreters of the law and assuming the role as
advocates for pro se litigants.  See
Valadez v. Avitia, 238 S.W.3d 843, 845 (Tex. App.CEl Paso 2007, no pet.).

          B.  Analysis

That said, an examination of Renteria=s brief reveals
that it is devoid of record references, and the Aissues@ are phrased
as:  

WHETHER THE DISTRICT COURT ABUSED
ITS DISCRETION BY GRANTING A SUMMARY JUDGMENT IN THIS CASE?  THERE ARE THREE CATEGORIES OF THIS ISSUE
LISTED BELOW:

 

A.  Failure to provide a list of expert witnesses

 

B. 
Failure to prove cause of action arising out of the  disciplinary action

 








C.  Determination of appellant was time barred

 

The Aargument@ section of the
brief, slightly over one page in length, does not mention disciplinary actions
nor limitations, two of the grounds presented in Myers=s summary judgment
motion.  Regarding expert witnesses, the
brief reads only as follows: ADuring the
discovery process the appellee shall in a request for disclosure the
[d]esignation of testifying experts.  [Tex. R. Civ. P.] 195.1, 197.1.  Such request was
not made, therefore appellee failed to follow procedures.@  Under the standards for appellate briefing as
previously articulated and viewed through a neutral prism as required, this can
hardly be said to meet muster.  See
Tex. R. App. P. 38.1(h).








Even so, were we to examine the trial court=s granting of
summary judgment, it would be upheld on any or all of the grounds presented in
Myers=s motion.  First, no legal malpractice claim may be
based solely on violations of the State Bar Rules of Professional Conduct.  See Adams v. Reagan, 791 S.W.2d 284,
291 (Tex. App.CFort Worth 1990, no writ).  Second, a legal malpractice claim is a tort
governed by the two-year statute of limitations, which began to run, at the
latest, on March 16, 2002.[3]  See Tex.
Civ. Prac. & Rem. Code Ann. ' 16.003
(Vernon 2008); Tate v. Goins, Underkofler, Crawford & Langdon, 24
S.W.3d 627, 635 (Tex. App.CDallas 2000, pet.
denied); see also Pham v. Nguyen, 763 S.W.2d 467, 469 (Tex. App.CHouston [14th
Dist.] 1988, writ denied) (stating discovery rule for legal malpractice
claims).  Therefore, limitations expired
some six weeks prior to Renteria=s filing suit on
May 4, 2004, if not earlier.








Third, generally, legal malpractice claims require
presentation of expert testimony, and Renteria has presented none.  See Alexander v. Turtur & Assoc.,
Inc., 146 S.W.3d 113, 119B20 (Tex.
2004).  Fourth, Renteria has not shown
that any act or omission of Myers=s, rather than
Renteria=s own guilt, was
the proximate cause of any complained-of injury.  See Peeler v. Hughes & Luce, 909
S.W.2d 494, 497B98 (Tex. 1995) (A[P]laintiffs who
have been convicted of a criminal offense may negate the sole proximate cause
bar to their claim for legal malpractice in connection with that conviction
only if they have been exonerated on direct appeal, through post‑conviction
relief, or otherwise.@). 
And fifth, were we to construe a failure of representation or a failure
to return a fee as a breach of contract, an examination of the Aevidence@ presented by
Renteria fails to establish a contract, let alone the Ameeting of the
minds@ as to its terms.[4]  We overrule Renteria=s sole issue.

 

V.  Conclusion  

Having overruled Renteria=s sole issue, we
affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:     MCCOY,
LIVINGSTON, and DAUPHINOT, JJ.

 

DELIVERED: May
15, 2008











[1]See Tex. R. App. P. 47.4.





[2]Renteria=s
case involved charges that Renteria conspired to possess, with intent to distribute,
methamphetamine and marijuana.





[3]Renteria alleged in his petition
that March 16, 2002 was when Myers Abroke Attorney-Client-Relationship and Breach of Contract
by requesting an additional ($10,000.00) Ten Thousand Dollars for service that
had already been paid for.@  However, Renteria
claims in his appellate brief that the alleged malpractice occurred when Myers Awas negligent during the appellant[>s] trial on a federal case@ because he failed to consider the
use of expert witnesses to develop an affirmative defense for the charged
offenses.  He asserts that this
constituted Aineffective assistance of counsel.@ 
That trial occurred, as discussed above, on September 8, 1998. 





[4]AThe essential elements of a breach
of contract action are (1) the existence of a valid contract; (2) performance
or tendered performance by the plaintiff; (3) breach of the contract by the
defendant; and (4) damages sustained by the plaintiff as a result of the breach.@ 
Lake v. Premier Transp., 246 S.W.3d 167, 173 (Tex. App.CTyler 2007, no pet.).  Renteria=s sole evidence presented in his Aaffidavit@ was as follows: ANo written contract was gived to
me, however conversation lead me to expect to be represented up to and
including my sentencing.@