# NO. 12-14-00212-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT ROBINSON,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *WELLS FARGO BANK, N.A.,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Robert Robinson appeals the trial court's judgment in favor of Wells Fargo Bank, N.A. in this forcible detainer action. He raises four issues on appeal. We affirm.

## BACKGROUND

Kenneth Houston purchased a home in 2007 and executed a note, securing the note with a deed of trust. Houston died less than a year later. The Bank purchased the property at a nonjudicial foreclosure sale. At the time of Houston's death and thereafter, Robert Robinson and Mary Edmiston lived in the residence. The Bank filed a forcible detainer action against Robinson and Edmiston in justice court to have them removed from the home. The justice court ruled in the Bank's favor, and Robinson and Edmiston appealed to the county court at law. The county court at law also found in favor of the Bank. Robinson appealed to this court.

## EX PARTE COMMUNICATION

In his first issue, Robinson asserts that the trial judge and opposing counsel engaged in ex parte communications during a recess on the day of the summary judgment hearing. He references a letter he wrote to the trial judge in which he explained to the judge that an acquaintance of his had told him that the Bank's lawyer was in the judge's office during the

recess. Robinson asked the judge to provide a written response to clear up the "appearance of impropriety."

The Code of Judicial Conduct prohibits a judge from initiating, permitting, or considering ex parte communications concerning the merits of a pending case. TEX. CODE JUD. CONDUCT, Canon 3(B)(8), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. B (West 2013). An ex parte communication is one that involves fewer than all parties who are legally entitled to be present during the discussion of any matter. ***Randolph v. Texaco Exploration and Prod., Inc.***, 319 S.W.3d 831, 836 (Tex. App.—El Paso 2010, pet. denied).

Although Robinson attempted to present this issue to the trial court, he did not do so in a formal motion filed with the clerk of the court and served on the Bank as required by the rules of procedure. *See* TEX. R. CIV. P. 21(a). Furthermore, even if his letter could be considered a motion requesting relief, there is no ruling on the complaint in the record as required by the rules of appellate procedure for preservation of error. *See* TEX. R. APP. P. 33.1(a). Accordingly, this complaint is waived. *See **Lake v. Premier Transp.***, 246 S.W.3d 167, 174 (Tex. App.—Tyler 2007, no pet.). We overrule Robinson's first issue.

<u>FORCIBLE DETAINER</u>

In his second issue, Robinson asserts that the trial court erred in granting the Bank's motion for summary judgment because the Bank relied on fabricated evidence. He argues that, in a "robosigned" document containing a forged notary signature and filed in the county deed records, the Bank falsely identified the lender and falsely represented that it complied with the property code. He further complains that the Bank did not produce evidence that the note had been transferred or assigned to the Bank. In his third issue, Robinson contends that the Bank lacks standing to bring a forcible detainer action because, due to the Bank's alleged fraudulent activity, it cannot prove it is the rightful owner of the property.

**<u>Standard of Review</u>**

A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The movant must prove all elements of the movant's cause of action. ***Rhone-Poulenc, Inc. v. Steel***, 997 S.W.2d 217, 223 (Tex. 1999). Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence

2

raising a genuine issue of material fact. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). To determine if there is a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

**Applicable Law**

The sole issue in a forcible detainer action is which party has the right to immediate possession of the property. TEX. R. CIV. P. 510.3(e); *Chinyere v. Wells Fargo Bank, N.A.*, 440 S.W.3d 80, 82 (Tex. App.—Houston [1st Dist.] 2012, no pet.). To prevail, the plaintiff is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 34 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Justice courts and county courts are expressly deprived of jurisdiction to determine or adjudicate title to land. TEX. GOV'T CODE ANN. §§ 26.043(8), 27.031(b) (West 2004 & Supp. 2014). Thus, whether the sale of property under a deed of trust is invalid may not be determined in a forcible detainer action and must be brought in a separate suit. *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.).

A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant at will or by sufferance. TEX. PROP. CODE ANN. § 24.002(a)(2) (West 2014). Consequently, a forcible detainer action requires proof of a landlord-tenant relationship. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Where a deed of trust established a landlord and tenant-at-sufferance relationship between the purchaser at the foreclosure sale and the previous owners, an independent basis for possession exists on which the justice or county court could determine the issue of immediate possession without resolving the issue of title to the property. *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 418 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.). This is so even if the possessor questions the validity of a foreclosure sale and the quality of the buyer's title. *Wells Fargo Bank, N.A. v. Ezell*, 410 S.W.3d 919, 921 (Tex. App.—El Paso 2013, no pet.).

## Analysis

As summary judgment evidence, the Bank produced copies of Houston's deed of trust, the substitute trustee's deed naming the Bank as current mortgagee and grantee/buyer, and notices to vacate sent to Edmiston and Robinson. Houston's deed of trust provides as follows:

> If the Property is sold pursuant to [a power of sale after acceleration following default], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

The county court at law had before it documentation showing that the Bank purchased the property at a foreclosure sale creating a landlord and tenant-at-sufferance relationship between Robinson and the Bank. *See **Black***, 318 S.W.3d at 418. Thus, the Bank showed a superior right to possession of the property. Robinson essentially contends that the Bank has not shown that it has good title to the property. Defects in the foreclosure process or in the Bank's title to the property may not be considered in this forcible detainer suit. *See **Shutter***, 318 S.W.3d at 471. Accordingly, Robinson did not raise any issues of material fact, and the trial court did not err in granting the Bank's motion for summary judgment. *See **City of Houston***, 589 S.W.2d at 678-79. We overrule Robinson's second and third issues.

### CONSTITUTIONALITY OF FORCIBLE DETAINER LAW

In his fourth issue, Robinson asserts that Texas's nonjudicial foreclosure/forcible detainer laws violate the Texas and federal constitutions. He argues it is a forbidden special law that violates the defendant's due process and equal protection rights leading to an unconstitutional deprivation. He also contends that the process is an invitation to commit document fraud that has resulted in no criminal convictions.

Our review of the record reveals that Robinson failed to raise these complaints in the trial court.[1] A party to a lawsuit waives the right to raise even a constitutional claim on appeal if that

---

[1] In paragraph 52 of his response to the Bank's motion for summary judgment, Robinson references a portion of Texas Constitution Article III, Section 56(a)(16), but he makes no argument regarding the constitutionality of Texas's forcible detainer law.

claim is not presented to the trial court. ***City of El Paso v. Heinrich***, 284 S.W.3d 366, 377 (Tex. 2009). We overrule Robinson's fourth issue.

## DISPOSITION

We ***affirm*** the trial court's judgment. All pending motions are dismissed.

**BRIAN HOYLE**
Justice

Opinion delivered September 30, 2015.
*Panel consisted of Hoyle, J. and Neeley, J.*
*Worthen, C.J., not participating.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2015**

**NO. 12-14-00212-CV**

**ROBERT ROBINSON,**
Appellant
V.
**WELLS FARGO BANK, N.A.,**
Appellee

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. CV9282)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Hoyle, J. and Neeley, J.*
*Worthen, C.J., not participating.*