COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| DANIEL RANDOLPH, JR., | § | No. 08-08-00157-CV |
| Appellant, | § | Appeal from |
| v. | § | 112th District Court |
| TEXACO EXPLORATION AND PRODUCTION, INC., CIGNA PROPERTY AND CASUALTY OF DALLAS, and DAVID K. LINE, ATTORNEY AT LAW, | § | of Crockett County, Texas |
|  | § | (TC # 99-01-06153-CV) |
| Appellees. | § |  |
|  | § |  |

## **O P I N I O N**

Daniel Randolph, Jr., *pro se*, appeals from no evidence summary judgments granted in favor

of Texaco Exploration and Production, Inc.,[1]  Cigna Property and Casualty of Dallas, and David K.

Line.  We affirm.

### **FACTUAL SUMMARY**

On January 4, 1999, Randolph filed suit against several defendants, including TEPI, Cigna

Property and Casualty, and his former attorney, David K. Line, alleging numerous claims, including

negligence, gross negligence, fraud, conspiracy, employment discrimination, and violations of the

Deceptive Trade Practices Act and the Americans with Disabilities Act.  On October 31, 2001, the

trial court granted summary judgment in favor of all the defendants, except for Line, and Randolph

---

[1] In the clerk's record, the suit is styled Daniel Randolph, Jr. v. Texaco Inc., U.S.A., but Randolph's brief states that he incorrectly identified the defendant as Texaco Inc., U.S.A. and the correct name is Texaco Exploration and Production, Inc.  Accordingly, we will refer to this Appellee as Texaco Exploration and Production, Inc. or TEPI.

appealed. We dismissed the appeal for want of jurisdiction because the judgment was not final given that Randolph's claims against Line were still pending. *Daniel Randolph, Jr. v. Texaco Exploration & Production, Inc., Sandy Khalilinia, Jack E. Weber, and Bob Mayo*, No. 08-01-00513-CV, 2003 WL 1949388 (Tex.App.--El Paso, April 24, 2003, no pet.). On November 2, 2006, five years after the trial court granted summary judgment, Randolph filed a motion to recuse the Honorable Brock Jones, Judge of the 112th District Court. Judge Jones voluntarily recused himself stating in the recusal order that he did so "[t]o avoid the appearance of impropriety," and the Honorable Joseph Connally was assigned to the case. Judge Connally subsequently granted Line's no evidence summary judgment motion and Randolph filed notice of appeal.

## TEPI

In Issue One, Randolph raises three separate arguments related to the judgment granted in favor of TEPI.[2]

### No Evidence Summary Judgment

First, Randolph argues the trial court erred in granting the no-evidence summary judgment. Randolph fails to discuss the standard of review applicable to this issue, provide any analysis, or cite any relevant authority. Rule 38.1(i) of the Texas Rules of Appellate Procedure requires that the brief contain a clear and concise argument for the contentions made, with appropriate citations to the authorities and to the record. TEX.R.APP.P. 38.1(i). Randolph has waived this argument because this portion of his brief does not comply with Rule 38.1(i). *Torres v. GSC Enterprises, Inc.*, 242 S.W.3d 553, 556 (Tex.App.--El Paso 2007, no pet.).

### Recusal/Disqualification

---

[2] The table of contents in Randolph's brief contains a section for each of the three appellees and each section contains one or more issues but the issues are not numbered. We will refer to the section relating to TEPI as Issue One, the section relating to Cigna as Issue Two, and the section relating to Line as Issue Three.

Second, Randolph contends that the summary judgment is void because the trial judge who heard that portion of the case, Judge Brock Jones, was partial and biased in favor of TEPI because he engaged in written *ex parte* communications with counsel about the case. He also asserts that Judge Jones was constitutionally disqualified. Judges may be removed from a particular case either because they are constitutionally disqualified,[3] because they are subject to a statutory strike,[4] or because they are recused under rules promulgated by the Texas Supreme Court.[5] *In re Union Pacific Resources Company*, 969 S.W.2d 427, 428 (Tex. 1998); *Esquivel v. El Paso Healthcare Systems, Ltd.*, 225 S.W.3d 83, 87 (Tex.App.--El Paso 2005, no pet.). The grounds and procedures for each type of removal are fundamentally different. *Esquivel*, 225 S.W.3d at 87. If a judge is constitutionally disqualified or subject to disqualification under Texas Government Code § 74.053, any orders or judgment rendered by him are void. *Id*. Thus, a constitutional disqualification may be raised at any stage of the proceedings and cannot be waived. *Id.* at 87-88. In contrast, the existence of grounds for recusal of a judge does not void or nullify subsequent proceedings before that judge and can be waived if not raised by proper motion. *Id.* at 87-88.

In 2006, Randolph filed a motion to recuse the trial judge long after this court had dismissed Randolph's appeal for want of jurisdiction because the summary judgment granted in favor of TEPI and Cigna was not final. The only basis for recusal stated in Randolph's motion was that Judge Jones had failed to rule with respect to the remaining defendant, Line. Judge Jones voluntarily recused himself "[t]o avoid the appearance of impropriety." After Judge Jones' voluntary recusal, Randolph filed a motion to modify the judgment because the judge had allegedly engaged in an *ex*

---

[3] TEX.CONST. art. 5, § 11.

[4] TEX.GOV'T CODE ANN. § 74.053 (Vernon 2005).

[5] TEX.R.CIV.P. 18b; TEX.R.APP.P. 16.

*parte* written communication with counsel for TEPI. The record does not reflect that Randolph obtained a ruling on his motion and there is no evidence in the record to support Randolph's assertions that Judge Jones was subject to recusal on grounds of partiality or bias or that he was constitutionally disqualified. Randolph's second argument is without merit.

### *The Assigned Judge*

In the third sub-part of Issue One, Randolph alleges that the judge assigned to hear the case, Judge Connally, acted in an arbitrary and unreasonable manner and denied him a full and fair hearing. The precise nature of Randolph's complaint about Judge Connally is unclear from the brief as he does not identify how the trial judge acted arbitrarily or at what point the judge denied him a hearing. At any rate, Randolph has waived these arguments because he does not discuss the applicable standard of review, does not provide any analysis of the issues, and does not cite any relevant authority. TEX.R.APP.P. 38.1(i); *Torres*, 242 S.W.3d at 556. Issue One is overruled.

## CIGNA

In the brief's table of contents, Randolph purports to raise an issue pertaining to the summary judgment granted in favor of Cigna but we have been unable to find any corresponding issue or argument in the body of the brief. Because Randolph has waived any claim of error by failing to brief it, we overrule Issue Two. *See* TEX.R.APP.P. 38.1(i); *Torres*, 242 S.W.3d at 556. We affirm the judgment granted in favor of Cigna.

## DAVID K. LINE

In Issue Three, Randolph raises multiple grounds related to the judgment granted in favor of Line.

### *No-Evidence Summary Judgment*

First, Randolph challenges the no-evidence summary judgment granted in favor of Line.

Randolph did not file a timely response to the summary judgment motion. After the trial court signed the order granting summary judgment, Randolph filed a motion for new trial asserting that his original response had been lost in the mail. He also filed a summary judgment response. The trial court denied the motion for new trial.

> Rule 166a(i) provides:
>
> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

TEX.R.CIV.P. 166a(i). A trial court is required to grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i) if the respondent fails to produce summary judgment evidence raising a genuine issue of material fact. *See* TEX.R.CIV.P. 166a(i). Generally, the non-movant who fails to file a response and produce evidence is restricted to arguing on appeal that the no-evidence summary judgment is insufficient as a matter of law. *Viasana v. Ward County*, 296 S.W.3d 652, 654 (Tex.App.--El Paso 2009, no pet.); *see Roventini v. Ocular Sciences, Inc.*, 111 S.W.3d 719, 723 (Tex.App.--Houston [1st Dist.] 2003, no pet.)(when the respondent does not file a response, the controlling issue is whether the summary judgment motion was sufficient to warrant the no-evidence summary judgment and thus shifted the burden to the respondent to produce evidence that raised a genuine issue of material fact). Rather than challenge the sufficiency of Line's summary judgment motion, Randolph points to evidence included in his late-filed response and argues it creates a fact issue. We are unable to consider Randolph's untimely response in passing on this issue because the trial court did not grant leave for the late-filed response. *See Fertic v. Spencer*, 247 S.W.3d 242, 250-51 (Tex.App.--El Paso 2007, pet. denied).

*Ex Parte Communication*

Randolph next alleges that Judge Connally engaged in an *ex parte* communication with Line on April 9, 2008. Randolph filed a written objection based on a statement in a letter from Line to the court administrator, Cathy Carson, where counsel stated that Judge Connally had asked him to respond to Randolph's request for findings of fact and conclusions of law. Under Canon 3(B)(8) of the Texas Code of Judicial Conduct, a judge is prohibited from initiating, permitting, or considering *ex parte* communications concerning the merits of a pending case. TEX.CODE JUD.CONDUCT, Canon 3(B)(8), reprinted in *Tex. Gov't Code Ann.*, tit. 2, subtit. G app. B (Vernon 2005). An *ex parte* communication is one that involves fewer than all parties who are legally entitled to be present during the discussion of any matter. *Erskine v. Baker*, 22 S.W.3d 537, 539 (Tex.App.--El Paso 2000, pet. denied). The purpose behind prohibiting *ex parte* communications is to ensure that all legally interested parties are given their full right to be heard under the law. *In re Thoma*, 873 S.W.2d 477, 496 (Tex.Rev.Trib. 1994, on appeal).

The record does not reflect that the trial court ruled on Randolph's objection. Therefore, his complaint is waived. TEX.R.APP.P. 33.1. Even if the issue had been preserved, the trial court's request that Line file a response to Randolph's request for findings of fact and conclusions of law does not constitute an *ex parte* communication about the merits of the case. This argument is without merit.

*Frivolous Pleadings*

Finally, Randolph contends that Line's original answer and motion for summary judgment are frivolous pleadings filed in violation of Rule 13 of the Texas Rules of Civil Procedure. Rule 13 authorizes the imposition of sanctions if an attorney files an instrument that is groundless and is brought in bad faith or for the purposes of harassment. TEX.R.CIV.P. 13. The record does not reflect

that Randolph filed a motion for sanctions pursuant to Rule 13. Consequently, nothing is presented for our review. TEX.R.APP.P. 33.1. Issue Three is overruled. Having overruled each of the issues presented on appeal, we affirm the judgment of the trial court.

March 17, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.