# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2010

No. 09-40298
Summary Calendar

Lyle W. Cayce
Clerk

CARLOS AVILES ARMENTA,

Plaintiff-Appellant,

v.

JOHN PRYOR, Correctional Officer, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:06-CV-76

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Carlos Aviles Armenta, an inmate of the Texas Department of Criminal Justice proceeding *pro se*, appeals the district court's grant of summary judgment to Defendant-Appellee John Pryor[1] on his 42 U.S.C.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1] Although Pryor is the only defendant to have appeared in this case, the district court dismissed the case as to all Defendants, holding that the parties who had not joined in the successful motion for summary judgment were nevertheless entitled to benefit from it. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) ("[W]here a defending party establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of a

No. 09-40298

§ 1983 claim for unlawful retaliation. Armenta also appeals several of the district court's evidentiary decisions and the denial of leave to amend his complaint. For the following reasons, we affirm.

## I.

On December 23, 2005, Armenta was participating in outdoor recreation in an outdoor area of the Telford Unit Prison. Pryor, a necessities officer, entered Armenta's cell and removed a blanket that had been tied to a light fixture. Pryor claims that he discovered an edge weapon in Armenta's cell. Pryor identified Armenta as the sole occupant of the cell and wrote him a disciplinary case for possession of a weapon. Lieutenant Lann, the supervising officer, took the weapon and approved the disciplinary case. During the disciplinary hearing, Armenta claimed that the weapon was not his and had been planted there by Pryor and Lann in retaliation for prior grievances filed by Armenta. Armenta was found guilty of possession of a weapon and was punished with 15 days of cell restriction, a reduction in line-class status, and loss of 365 days of good time.

On April 7, 2006, Armenta, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that Pryor, Lann, and "Johnson" conspired to write him a false disciplinary report in retaliation for his filing administrative grievances. The district court originally dismissed the case based on *Heck v. Humphrey*, 512 U.S. 477 (1994). This court vacated the judgment, holding that Armenta's claims of retaliation were not subject to dismissal under *Heck. Armenta v. Pryor*, 254 F. App'x 376 (5th Cir. 2007) (per curiam) (unpublished).

After remand, the district court issued an Order to Answer. The order indicated that initial disclosures would be due 30 days after the answer was

defaulting defendant." (internal quotation marks and citation omitted)).

filed, but precluded any further discovery without leave of the court. Pryor answered the complaint and submitted supplemental disclosures. Armenta filed a notice with the district court indicating his intent to serve Pryor with requests for production of documents and interrogatories. Pryor responded, stating that such requests were not in compliance with the court's initial order regarding discovery.

On May 16, 2008, Armenta moved to amend his complaint by adding new defendants and new claims. The district court denied leave to amend. Armenta also filed two motions to compel discovery, which the district court granted in part. Armenta and Pryor filed motions for summary judgment. The magistrate judge issued a report and recommendation to grant Pryor's motion for summary judgment and dismiss the action with prejudice. The district court adopted the recommendations and entered final judgment in favor of all defendants. Armenta timely filed a notice of appeal.

## II.

We review a district court's grant of summary judgment under Rule 56 *de novo*, applying the same legal standards as the district court. *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 348 (5th Cir. 2007). "In deciding a motion for summary judgment, the court must determine whether the submissions show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted).

We review a district court's denial of leave to amend a complaint under an abuse of discretion standard. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009). The Federal Rules of Civil Procedure provide that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend "is by no means automatic." *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993) (internal quotation marks and citation omitted). "[A]

district court may refuse leave to amend a complaint if the complaint as amended would be subject to dismissal." *Ackerson*, 589 F.3d at 208.

We review a district court's discovery and evidentiary rulings under a deferential abuse of discretion standard. *Gomez v. St. Jude Medical Daig Div. Inc.*, 442 F.3d 919, 927 (5th Cir. 2006).

To establish a claim for retaliation, Armenta must show that (1) he invoked a specific constitutional right; (2) the defendants intended to retaliate against him for the exercise of that right; (3) there was a retaliatory adverse action; and (4) the action would not have occurred but for the retaliatory motive. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). Mere conclusory allegations of retaliation will not suffice; Armenta must produce direct evidence of retaliation or a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). We have cautioned district courts to "carefully scrutinize" claims of retaliation in order "[t]o assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them . . . ." *Id*. While the existence of a "legitimate prison disciplinary report" is not an "absolute bar to a retaliation claim" it is certainly "probative and potent summary-judgment evidence." *Id*.

Armenta argues on appeal that he provided sufficient summary-judgment evidence of retaliation because (1) no weapon was produced at the disciplinary hearing; (2) the defendants made contradictory statements regarding the size of the weapon; (3) no pictures of the weapon were produced; and (4) a short time elapsed between the filing of his grievances and his prior lawsuit[2] and the

---

[2] In that case, as here, Armenta argued that he was retaliated against for filing grievances. We affirmed the grant of summary judgment in that case, holding that Armenta had "not shown that his filing of complaints or grievances motivated any retaliation nor has he shown a chronology of events from which retaliation could be inferred." *Armenta v. Rupert*, 255 F. App'x 32, 33 (5th Cir. 2007) (per curiam) (unpublished).

discipline action.    Armenta has failed, however, to provide any competent summary-judgment evidence of intent or causation.  As the district court noted, most of Armenta's grievances were filed months before the alleged retaliatory act and he provides no evidence that any of the Defendants were named in, or had any knowledge of, his prior grievances or his lawsuit.  Pryor testified that he had no knowledge of any of Armenta's complaints and had no interactions with him prior to the day he discovered the weapon in his cell.  Armenta presented no evidence to the contrary. The alleged inconsistencies in the testimony regarding the size of the weapon likewise do not support an inference of retaliatory intent.[3] Furthermore, Armenta received a legitimate disciplinary conviction for possession of a weapon.    He presented no competent summary-judgment evidence that he would not have been punished but for the retaliatory motive. Armenta has utterly failed to establish a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166.[4]

Armenta asserts that the district court abused its discretion by denying him leave to amend his complaint.  Armenta sought to add Warden Rupert, Captain Roseberry, Grievance Investigator Wilson and Counsel Substitute Johnson.  Armenta also sought to add a due-process claim and a claim for conspiracy to his complaint. The district court denied leave to amend, finding that Armenta offered no justification for the delay in naming the additional defendants and offered no facts to support his claims.

---

[3] During the disciplinary hearing, Pryor and Lann described the weapon as consisting of a four-to-five inch blade with a paper handle.  In an inter-office communication, Lann described the weapon as being six inches long.  This testimony is not necessarily inconsistent, as the latter description could be the total length of the weapon.

[4] Because we hold that Armenta failed to put forth any competent summary-judgment evidence that could lead to an inference of retaliation, we need not address the district court's alternative grounds for granting summary judgment to the defendants.

The district court did not abuse its discretion. Armenta's proposed amendment would have been futile as to his claims against Johnson. As the district court noted, under our precedent, counsel substitutes act on behalf of the inmate, not the state, in a disciplinary hearing and are therefore not amenable to suit under § 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam). Furthermore, Armenta sought to add a due process claim regarding his prison hearing, which would have been barred by *Edwards v. Balisok*, as it necessarily calls his guilt for possession of a weapon into question. *See* 520 U.S. 641, 648 (1997). Finally, Armenta provides no explanation as to why he failed to amend his complaint to add the additional defendants until two years after the filing of his lawsuit. Under these circumstances, the denial of leave to amend was within the sound discretion of the district court.

Armenta also argues that the district court erred by denying his motion for a continuance, motion in limine, motion for sanctions, and motions to compel discovery. To prevail, Armenta must demonstrate that the denial of additional discovery prejudiced his case. *United States v. Garrett,* 571 F.2d 1323, 1326 (5th Cir.1978) ("[E]rrors made with regard to the allowance of discovery do not require reversal unless they result in substantial prejudice to a party's case.") As an initial matter, we note that the district court granted Armenta an extension of time to file his motion for summary judgment so that he could conduct additional discovery. The district court also granted his motions to compel discovery in part. Armenta attached nearly 100 pages of documentary evidence to his motion for summary judgment, but could not establish an issue of material fact as to his retaliation claim. The district court did not abuse its discretion by refusing to allow additional discovery in this case.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.