

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00062-CV

Olga Murry § From County Court at Law No. 2

§ of Tarrant County (11-03149-2)

v.

§ January 10, 2013

Dodeka, L.L.C. § Opinion by Justice Meier

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Bill Meier



## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00062-CV

OLGA MURRY                                                    APPELLANT

V.

DODEKA, L.L.C.                                                APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In this suit for breach of a credit card agreement, Appellant Olga Murry, pro se, appeals from an adverse judgment rendered in favor of Appellee Dodeka, L.L.C.  We will affirm.

Murry opened a credit card account with First USA Bank NA in December 2004 and promised to make monthly payments as specified for purchases or advances made with the credit card.  Murry's last payment on the account

---

[1]*See* Tex. R. App. P. 47.4.

occurred in October 2005, but a balance in the amount of $3,673.36 remained due and owing. Dodeka acquired Murry's account in November 2008—along with the "full power and authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise or satisfaction of the account"— and initiated a breach-of-contract action against her in the justice court to recover the balance due on the account. Dodeka prevailed, and Murry appealed to the county court for a trial de novo. After a bench trial, the trial court signed a judgment awarding Dodeka damages in the amount of $3,673.36 and attorneys' fees in the amount of $600 and rendering a take nothing judgment against Murry on her counterclaim for violation of the Fair Debt Collection Practices Act. Murry appeals.

In her first issue, Murry complains of a document contained in the clerk's record that has an "un-redacted list of cases identifying other parties involve[d] in a suit with [Dodeka] during the inception of this cause of action, leaving [her] to believe there are inaccuracies in the record." The document appears to be a receipt generated by the justice court to show that certain filing fees were paid in that court. Murry provides no argument or explanation or citation to any authority demonstrating how the inclusion of this document in the record caused "inaccuracies" in the remainder of the record. We overrule Murry's first issue.

In her second issue, Murry argues that the trial court erred by admitting Plaintiff's Exhibit 1—an "Affidavit of Assignment, Damages, and Business Records," wherein Dodeka's custodian of records affirms various details about

3

several documents attached to the affidavit and, based on those documents, opines that Murry owes Dodeka $3,367.36. Murry contends that the trial court should not have admitted the exhibit because although it was filed in the justice court, it was never filed in the county court, as evidenced by the affidavit's style, which contains information relevant to the justice court action. Dodeka acknowledged at trial that the affidavit contained the justice court cause number instead of the county court cause number, but the trial court confirmed that Dodeka filed the affidavit in the county court, as it was required to do after Murry appealed the judgment of the justice court to the county court for a trial de novo. We hold that the trial court did not abuse its discretion by admitting Plaintiff's Exhibit 1. *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998) (stating that evidentiary rulings are committed to trial court's sound discretion).

In her third issue, Murry argues that the trial court erred by admitting Dodeka's "Affidavit of Assignment, Damages, and Business Records" because it was not "discovered" during the trial de novo in the county court. While a party's failure to respond to a discovery request may prohibit the party from introducing the requested discovery later at trial, *see* Tex. R. Civ. P. 193.6(a), Murry directs us to no authority, nor are we aware of any, holding that evidence is inadmissible simply because it was not the subject of a discovery request. Murry does not contend that Dodeka failed to respond to any discovery that she propounded

during the pendency of the litigation in the county court. We overrule Murry's third issue.

We construe Murry's fourth issue as challenging the legal sufficiency of the evidence to support Dodeka's breach of contract claim. We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). The essential elements of a breach of contract claim are the existence of a valid contract, performance or tendered performance by the plaintiff, breach of the contract by the defendant, and damages sustained as a result of the breach. *City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 739 (Tex. App.—Fort Worth 2008, pet. dism'd). Here, Dodeka's evidence shows that First USA Bank NA extended credit to Murry in exchange for her agreement to make payments on the purchases or advances that she made with the credit card, that Murry's account has a delinquent balance of $3,673.36, and that Dodeka acquired Murry's account and the right to collect the balance due thereunder. We hold that the evidence is

5

legally sufficient to support the trial court's judgment, and we overrule Murry's fourth issue.

In her fifth issue, Murry argues that the trial court erred by admitting Dodeka's "Affidavit of Assignment, Damages, and Business Records" because the affidavit fails to comply with the requirements of rule of evidence 803(6). *See* Tex. R. Evid. 803(6) (listing requisites for admission of records of regularly conducted activity). To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). Murry's only objection to the affidavit at trial was that Dodeka did not file it in the county court.[2] She therefore failed to preserve this issue for appellate review.[3] *See* Tex. R. App. P. 33.1(a). We overrule Murry's fifth issue.

In her sixth issue, Murry argues that "there is a high level of doubt that justice was served, and the validity of this case is questioned" because while Dodeka's "Affidavit of Assignment, Damages, and Business Records" indicates that Murry owes $3,673.36, Dodeka's counsel stated during her opening and

---

[2]We addressed this argument in Murry's first issue.

[3]To the extent Murry argues that the affidavit fails to comply with any other rules of evidence, those arguments are also waived.

closing arguments that different amounts were due. It is well established that statements made during opening and closing arguments are not evidence. *In re Commitment of Day*, 342 S.W.3d 193, 197 (Tex. App.—Beaumont 2011, pet. denied). The only evidence before the trial court was that Murry owes $3,673.36. We overrule Murry's sixth issue.

In her seventh issue, Murry argues that the trial court elicited ex parte communications from Dodeka when it requested that Dodeka submit proposed findings of fact and conclusions of law. An ex parte communication is one that involves fewer than all parties who are legally entitled to be present during the discussion of any matter. *Randolph v. Texaco Exploration & Prod., Inc.*, 319 S.W.3d 831, 836 (Tex. App.—El Paso 2010, pet. denied). The record demonstrates that Dodeka filed its proposed findings of fact and conclusions of law with the trial court and mailed the proposed findings and conclusions to Murry via certified mail the same day. There is no evidence that Dodeka engaged in any ex parte communications with the trial court. We overrule Murry's seventh issue.

In her eighth issue, Murry argues that findings of fact 8 and 9 are erroneous because finding of fact 6 states that First USA Bank sold Murry's account to Unifund Portfolio A, but Dodeka's "Affidavit of Assignment, Damages, and Business Records" indicates that Chase Bank USA, N.A. sold Murry's account to Unifund Portfolio A. Dodeka's affidavit states that First USA Bank changed its name to Bank One, Delaware, N.A., who subsequently merged with

Chase Bank USA, N.A.  Thus, findings of fact 8 and 9 are not erroneous because the merged entities are one and the same.  We overrule Murry's eighth issue.

Having overruled all of Murry's issues, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DELIVERED:  January 10, 2013