02-12-062-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00062-CV

 

 


 
 
 Olga
 Murry
  
  
 v.
  
  
 Dodeka,
 L.L.C.
 
 
 §
  
 §
  
 §
  
 §
 
 
 From County Court at Law
 No. 2
  
 of
 Tarrant County (11-03149-2)
  
 January
 10, 2013
  
 Opinion
 by Justice Meier
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Bill Meier

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00062-CV

 

 


 
 
 Olga Murry
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Dodeka, L.L.C.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM County
Court at Law No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          In
this suit for breach of a credit card agreement, Appellant Olga Murry, pro se,
appeals from an adverse judgment rendered in favor of Appellee Dodeka, L.L.C. 
We will affirm.

          Murry
opened a credit card account with First USA Bank NA in December 2004 and promised
to make monthly payments as specified for purchases or advances made with the
credit card.  Murry’s last payment on the account occurred in October 2005, but
a balance in the amount of $3,673.36 remained due and owing.  Dodeka acquired Murry’s
account in November 2008—along with the “full power and authority to do and
perform all acts necessary for the collection, settlement, adjustment,
compromise or satisfaction of the account”—and initiated a breach-of-contract
action against her in the justice court to recover the balance due on the
account.  Dodeka prevailed, and Murry appealed to the county court for a trial
de novo.  After a bench trial, the trial court signed a judgment awarding
Dodeka damages in the amount of $3,673.36 and attorneys’ fees in the amount of
$600 and rendering a take nothing judgment against Murry on her counterclaim
for violation of the Fair Debt Collection Practices Act.  Murry appeals.

          In
her first issue, Murry complains of a document contained in the clerk’s record
that has an “un-redacted list of cases identifying other parties involve[d] in
a suit with [Dodeka] during the inception of this cause of action, leaving
[her] to believe there are inaccuracies in the record.”  The document appears
to be a receipt generated by the justice court to show that certain filing fees
were paid in that court.  Murry provides no argument or explanation or citation
to any authority demonstrating how the inclusion of this document in the record
caused “inaccuracies” in the remainder of the record.  We overrule Murry’s
first issue.

          In
her second issue, Murry argues that the trial court erred by admitting
Plaintiff’s Exhibit 1—an “Affidavit of Assignment, Damages, and Business Records,”
wherein Dodeka’s custodian of records affirms various details about several documents
attached to the affidavit and, based on those documents, opines that Murry owes
Dodeka $3,367.36.  Murry contends that the trial court should not have admitted
the exhibit because although it was filed in the justice court, it was never
filed in the county court, as evidenced by the affidavit’s style, which contains
information relevant to the justice court action.  Dodeka acknowledged at trial
that the affidavit contained the justice court cause number instead of the
county court cause number, but the trial court confirmed that Dodeka filed the
affidavit in the county court, as it was required to do after Murry appealed
the judgment of the justice court to the county court for a trial de novo. 
We hold that the trial court did not abuse its discretion by admitting
Plaintiff’s Exhibit 1.  See Owens-Corning Fiberglas Corp. v. Malone,
972 S.W.2d 35, 43 (Tex. 1998) (stating that evidentiary rulings are committed
to trial court’s sound discretion).

          In
her third issue, Murry argues that the trial court erred by admitting Dodeka’s
“Affidavit of Assignment, Damages, and Business Records” because it was not
“discovered” during the trial de novo in the county court.  While a
party’s failure to respond to a discovery request may prohibit the party from
introducing the requested discovery later at trial, see Tex. R. Civ. P.
193.6(a), Murry directs us to no authority, nor are we aware of any, holding
that evidence is inadmissible simply because it was not the subject of a
discovery request.  Murry does not contend that Dodeka failed to respond to any
discovery that she propounded during the pendency of the litigation in the
county court.  We overrule Murry’s third issue.

          We
construe Murry’s fourth issue as challenging the legal sufficiency of the
evidence to support Dodeka’s breach of contract claim.  We may sustain a legal
sufficiency challenge only when (1) the record discloses a complete
absence of evidence of a vital fact; (2) the court is barred by rules of
law or of evidence from giving weight to the only evidence offered to prove a
vital fact; (3) the evidence offered to prove a vital fact is no more than
a mere scintilla; or (4) the evidence establishes conclusively the
opposite of a vital fact.  Uniroyal Goodrich Tire Co. v. Martinez, 977
S.W.2d 328, 334 (Tex. 1998), cert. denied, 526 U.S. 1040 (1999); Robert
W. Calvert, “No Evidence” and “Insufficient Evidence” Points of Error,
38 Tex. L. Rev. 361, 362–63 (1960).  The essential elements of a breach of
contract claim are the existence of a valid contract, performance or tendered
performance by the plaintiff, breach of the contract by the defendant, and
damages sustained as a result of the breach.  City of The Colony v. N. Tex.
Mun. Water Dist., 272 S.W.3d 699, 739 (Tex. App.—Fort Worth 2008, pet.
dism’d).  Here, Dodeka’s evidence shows that First USA Bank NA extended credit
to Murry in exchange for her agreement to make payments on the purchases or
advances that she made with the credit card, that Murry’s account has a delinquent
balance of $3,673.36, and that Dodeka acquired Murry’s account and the right to
collect the balance due thereunder.  We hold that the evidence is legally
sufficient to support the trial court’s judgment, and we overrule Murry’s
fourth issue.

          In
her fifth issue, Murry argues that the trial court erred by admitting Dodeka’s
“Affidavit of Assignment, Damages, and Business Records” because the affidavit
fails to comply with the requirements of rule of evidence 803(6).  See
Tex. R. Evid. 803(6) (listing requisites for admission of records of regularly
conducted activity).  To preserve a complaint for appellate review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling, if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App.
P. 33.1(a); see also Tex. R. Evid. 103(a)(1).  If a party fails to do
this, error is not preserved, and the complaint is waived.  Bushell v. Dean,
803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  Murry’s only objection to the
affidavit at trial was that Dodeka did not file it in the county court.[2] 
She therefore failed to preserve this issue for appellate review.[3] 
See Tex. R. App. P. 33.1(a).  We overrule Murry’s fifth issue.

          In
her sixth issue, Murry argues that “there is a high level of doubt that justice
was served, and the validity of this case is questioned” because while Dodeka’s
“Affidavit of Assignment, Damages, and Business Records” indicates that Murry
owes $3,673.36, Dodeka’s counsel stated during her opening and closing
arguments that different amounts were due.  It is well established that
statements made during opening and closing arguments are not evidence.  In re
Commitment of Day, 342 S.W.3d 193, 197 (Tex. App.—Beaumont 2011, pet.
denied).  The only evidence before the trial court was that Murry owes
$3,673.36.  We overrule Murry’s sixth issue.

          In
her seventh issue, Murry argues that the trial court elicited ex parte
communications from Dodeka when it requested that Dodeka submit proposed
findings of fact and conclusions of law.  An ex parte communication is one
that involves fewer than all parties who are legally entitled to be present
during the discussion of any matter.  Randolph v. Texaco Exploration &
Prod., Inc., 319 S.W.3d 831, 836 (Tex. App.—El Paso 2010, pet. denied).  The
record demonstrates that Dodeka filed its proposed findings of fact and
conclusions of law with the trial court and mailed the proposed findings and
conclusions to Murry via certified mail the same day.  There is no evidence
that Dodeka engaged in any ex parte communications with the trial court. 
We overrule Murry’s seventh issue.

          In
her eighth issue, Murry argues that findings of fact 8 and 9 are erroneous
because finding of fact 6 states that First USA Bank sold Murry’s account
to Unifund Portfolio A, but Dodeka’s “Affidavit of Assignment, Damages, and
Business Records” indicates that Chase Bank USA, N.A. sold Murry’s account to
Unifund Portfolio A.  Dodeka’s affidavit states that First USA Bank changed its
name to Bank One, Delaware, N.A., who subsequently merged with Chase Bank USA,
N.A.  Thus, findings of fact 8 and 9 are not erroneous because the merged
entities are one and the same.  We overrule Murry’s eighth issue.

          Having
overruled all of Murry’s issues, we affirm the trial court’s judgment.

 

 

 

BILL MEIER
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and MEIER, JJ.

 

DELIVERED:  January 10, 2013









[1]See Tex. R. App. P. 47.4.





[2]We addressed this argument
in Murry’s first issue.





[3]To the extent Murry argues
that the affidavit fails to comply with any other rules of evidence, those
arguments are also waived.