

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00036-CV

MARK WALTERS                                                        APPELLANT

V.

MANAGEMENT TRAINING                                                 APPELLEES
CORPORATION (MTC),
CHARLOTTE WALKER, RICKY
DENNY, AND BRENDA
WILKINSON

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY
### TRIAL COURT NO. CV11-10-856

----------

## MEMORANDUM OPINION[1]

----------

Appellant Mark Walters appeals the trial court's order granting the motion

for summary judgment filed by appellees Management Training Corporation

(MTC), Charlotte Walker, Ricky Denny, and Brenda Wilkinson. In four issues,

---

[1]*See* Tex. R. App. P. 47.4.

appellant argues that the trial court erred by allegedly participating in ex parte communications with appellees, that the trial court abused its discretion by not entering a default judgment in his favor, that the trial court abused its discretion by failing to exclude the transcript from his deposition as summary judgment evidence, and that conflicting material facts precluded summary judgment. We affirm.[2]

### Background Facts

In October 2011, appellant, a pro se inmate, sued appellees. The next month, sheriff's deputies served them with citation. By February 8, 2012, appellees had not answered the suit, so appellant filed a motion for default judgment. Appellees collectively filed an answer eight days later, and over appellant's written objection, the trial court did not grant a default judgment.

Appellant eventually filed an amended petition and sought summary judgment. In the amended petition, appellant pled that in July 2011, he was assigned to the Bridgeport Correctional Center, which is privately operated by MTC. He alleged that while there, employees of MTC violated his rights in several ways, including by delaying notarization of certain documents, refusing to timely provide legal research materials,[3] not properly processing grievances and

---

[2]This case was originally submitted on January 31, 2014. On July 10, 2014, the court, on its own motion, ordered the appeal to be resubmitted on August 1, 2014; assigned this case to a new panel; and assigned a new author.

[3]For example, appellant pled, "There has been a systematic, retaliatory effort made by the unit to keep [appellant] from using the law library."

retaliating against him for filing them, delaying the mailing of legal papers, and otherwise impeding his access to courts. Citing a federal statute as the procedural avenue to bring his claims, appellant pled that these acts violated his rights under the First and Fourteenth Amendments.[4] As relief, he sought declarations about the alleged violations of his rights, along with compensatory damages against each appellee. To his amended motion for summary judgment, appellant attached records related to his requests for legal materials and responses to those requests.

Appellees also filed a motion for summary judgment on traditional and no-evidence grounds.[5] They argued, among other assertions, that (1) appellant had failed to exhaust administrative remedies to the extent that his allegations were not covered by grievances he had filed, (2) appellant's access-to-court claims could not succeed because he could not show any prejudice resulting from his allegations related to requests for legal materials or appellees' delayed or inadequate processing of grievances or mailings, (3) appellant's retaliation claims could not succeed because appellees' interactions with him were policy-based and were insufficient to qualify as retaliation as a matter of law, and (4) the facts relied upon by appellant did not violate his due process rights. As evidence for

---

[4]*See* U.S. Const. amends. I, XIV; *see also* 42 U.S.C.A. § 1983 (2012); *Hollingsworth v. Hackler*, 303 S.W.3d 884, 888 (Tex. App.—Fort Worth 2009, pet. denied) ("Section 1983 creates a private right of action for violations of an individual's federally guaranteed rights by those acting under color of state law.").

[5]*See* Tex. R. Civ. P. 166a(c), (i).

3

their collective summary judgment motion, appellees attached excerpts from appellant's deposition and copies of his grievances. Appellant objected to appellees' evidence, arguing that the transcript from his deposition was inadmissible because he had been prevented from amending it under rule of civil procedure 203.1(b).[6]

After holding a hearing, the trial court granted appellees' motion for summary judgment and dismissed appellant's claims with prejudice. Appellant brought this appeal.

## Alleged Ex Parte Communications

In his first issue, appellant contends that the trial court erred by allegedly engaging in ex parte communications with appellees. He argues that the trial court had such communications after he sought a default judgment (when the trial court allegedly informed appellees of the need to file an answer) and upon the trial court's decision to grant appellees' motion for summary judgment (when the court instructed appellees to prepare an order).

To reverse a judgment on the ground of judicial misconduct, we must find judicial impropriety coupled with probable prejudice to the complaining party. *Erskine v. Baker*, 22 S.W.3d 537, 539 (Tex. App.—El Paso 2000, pet. denied) (citing *Silcott v. Oglesby*, 721 S.W.2d 290, 293 (Tex. 1986)). "An ex parte

---

[6]*See* Tex. R. Civ. P. 203.1(b) ("The witness may change responses as reflected in the deposition transcript by indicating the desired changes, in writing, on a separate sheet of paper, together with a statement of the reasons for making the changes.").

4

communication is one that involves fewer than all parties who are legally entitled to be present during the discussion of any matter." *Murry v. Dodeka, L.L.C.*, No. 02-12-00062-CV, 2013 WL 105664, at *3 (Tex. App.—Fort Worth Jan. 10, 2013, pet. dism'd) (mem. op.).

Appellant does not direct us to any place in the record establishing that the trial court improperly communicated with appellees after he filed the motion for default judgment. Instead, appellant speculates that based on the timing of appellees' answer after he filed the motion, the trial court must have communicated with them.

The record does not confirm appellant's speculation. In fact, he concedes that the record is "void of the court's communications with [a]ppellees regarding default judgment." Thus, we overrule the first part of appellant's first issue. *See Kaminetzky v. Dosohs I, Ltd.*, No. 14-01-00767-CV, 2002 WL 1316148, at *2 (Tex. App.—Houston [14th Dist.] June 6, 2002, pet. denied) (not designated for publication) (overruling an appellant's issue concerning an alleged ex parte communication because the record did not establish error) (citing *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987)); *see also Crider v. Crider*, No. 01-10-00268-CV, 2011 WL 2651794, at *5 (Tex. App.—Houston [1st Dist.] July 7, 2011, pet. denied) (mem. op.) (holding similarly); *Tracy v. Annie's Attic, Inc.*, 840 S.W.2d 527, 539 (Tex. App.—Tyler 1992, writ denied) (overruling an appellant's complaint about an alleged ex parte communication because it was a "mere surmise").

5

Next, appellant contends that the trial court's request to appellees to prepare an order granting summary judgment, along with appellees' submission of that order to the trial court, comprised ex parte communications. With respect to appellees' submission of the order to the trial court, the record contains a December 12, 2012 letter that references the prepared order and that represents delivery to appellant through certified mail. No other part of the record shows that contrary to this representation, appellees did not mail a copy of the proposed order to appellant. Thus, we overrule that part of appellant's first issue. *See Crider*, 2011 WL 2651794, at *5; *Kaminetzky*, 2002 WL 1316148, at *2.

Finally, we cannot agree with appellant that the trial court's request for appellees to prepare an order following the parties' summary judgment arguments, as referenced in the December 12 letter, constitutes an improper ex parte communication. The rules against ex parte communications do not preclude routine and customary communications that do not give a party a substantial tactical or strategic advantage. *See Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 694 (Tex. App.—El Paso 2011, no pet.); *see also In re S.A.G.*, 403 S.W.3d 907, 916 (Tex. App.—Texarkana 2013, pet. filed) (explaining that the code of judicial conduct does not prohibit communications concerning uncontested administrative or uncontested procedural matters). Indeed, the purpose behind prohibiting such communications is to ensure that all interested parties are given a full right to be heard. *Randolph v. Texaco Exploration & Prod., Inc.*, 319 S.W.3d 831, 836 (Tex. App.—El Paso 2010, pet. denied).

6

Under the circumstances presented here, we cannot conclude that the trial court's request to appellees to prepare an order qualifies as an impermissible ex parte communication. This was a routine communication that was made after the trial court had given the parties a full right to be heard on summary judgment issues and after the trial court had made its dispositive decision on the merits. *See Retzlaff*, 356 S.W.3d at 694; *see also Randolph*, 319 S.W.3d at 836 ("[T]he trial court's request that Line file a response to Randolph's request for findings of fact and conclusions of law does not constitute an *ex parte* communication about the merits of the case. This argument is without merit."). Moreover, even if the communication had been improper, appellant cannot establish harm because the communication occurred after the trial court reached its decision on the merits. *See* Tex. R. App. P. 44.1(a); *Erskine*, 22 S.W.3d at 539; *see also In re T.D.M.C.*, No. 12-03-00300-CV, 2005 WL 1000578, at *4 (Tex. App.—Tyler Apr. 29, 2005, no pet.) (mem. op.). We overrule the remainder of appellant's first issue.

**Alleged Failure to Grant a Default Judgment**

In his second issue, appellant argues that the trial court abused its discretion by not granting a default judgment upon his request when appellees had not filed an answer to his petition. In the middle of November 2011, appellees each received service of citation along with appellant's original petition. On February 8, 2012, when no appellee had answered the suit, appellant filed a motion for a default judgment. Appellees responded by filing an answer (including a general denial of all of appellant's allegations) on February 16, 2012.

7

Citing rule of civil procedure 239, appellant argues that he was entitled to judgment by default and that the trial court erred by not granting his motion. *See* Tex. R. Civ. P. 239 ("[A]t any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer . . . ."); *see also* Tex. R. Civ. P. 99(b)–(c) (requiring a defendant to file an answer within a certain time or risk the entry of an adverse default judgment).

After appellees filed their answer on February 16, 2012, the trial court had no discretion to grant a default judgment. *See* Tex. R. Civ. P. 239; *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989); *$629.00 in U.S. Currency v. State*, No. 02-10-00253-CV, 2010 WL 5187679, at *1 (Tex. App.—Fort Worth Dec. 23, 2010, no pet.) (mem. op.) ("A default judgment may not be granted based on a failure to answer when the defendant has an answer on file, even if the answer was filed late."). Thus, we conclude that the trial court did not err by declining to sign a default judgment after appellees filed an answer.

To the extent that appellant complains that the trial court did not grant his motion for a default judgment between February 8, 2012 and February 16, 2012, the record[7] does not show that the trial court denied the motion during that time or even that the trial court was aware during that time that the motion had been

---

[7]We must decide this appeal on documents contained in the record, not on documents that are not part of the record but are attached to a party's brief. *See Sutton v. Helwig*, No. 02-12-00525-CV, 2013 WL 6046533, at *8 (Tex. App.—Fort Worth Nov. 14, 2013, no pet.) (mem. op.).

filed.  Thus, we cannot conclude that the trial court abused its discretion by not granting the motion.[8]  *See* Tex. R. App. P. 33.1(a)(2); *Grace Interest, LLC v. Wallis State Bank*, 431 S.W.3d 110, 122 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d 445, 449 (Tex. App.—Dallas 2011, no pet.).  We overrule appellant's second issue.

### Allegedly Improper Summary Judgment Evidence

In his third issue, appellant contends that the trial court erred by denying his motion to suppress and by refusing to exclude his deposition excerpts as summary judgment evidence.  He argues that circumstances related to his confinement precluded his attempt under rule of civil procedure 203.1(b) to make changes to the deposition transcript.  He also contends that the excerpts should have been excluded because the deposition officer failed to file a certificate of deposition and because appellees' attorney did not authenticate the excerpts.

Concerning his argument that the deposition excerpts were not properly authenticated, appellant cites a 1988 case from the Dallas Court of Appeals that the Texas Supreme Court expressly overruled.  *See Deerfield Land Joint Venture v. S. Union Realty Co.*, 758 S.W.2d 608, 610 (Tex. App.—Dallas 1988, writ denied), *overruled by McConathy v. McConathy*, 869 S.W.2d 341, 341–42 (Tex.

---

[8]Appellant does not cite authority for a proposition that the trial court was required to grant a default judgment without knowing of his request to do so.  Moreover, even if the trial court was aware of appellant's motion, it had a "reasonable time" to rule on it.  *See Davis v. West*, 433 S.W.3d 101, 108 (Tex. App.—Houston [1st Dist.] 2014, pet. filed).

1994).  Because rule of civil procedure 166a does not require authentication of deposition excerpts, we overrule appellant's third issue to that extent.  *See* Tex. R. Civ. P. 166a(d); *McConathy*, 869 S.W.2d at 341–42 (declining to require a court reporter's certificate or an affidavit certifying the accuracy of deposition excerpts); *Neely v. Comm'n for Lawyer Discipline*, 302 S.W.3d 331, 344 n.14 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("Deposition transcripts . . . need no authentication and constitute proper summary judgment evidence."); *see also Hill v. Rich*, 522 S.W.2d 597, 600 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.) (explaining that the mere absence of a deponent's signature on the transcript does not require suppression of a deposition).

With regard to appellant's complaint that the circumstances of his confinement prevented him from amending his deposition testimony under rule of civil procedure 203.1(b), we cannot conclude that appellant establishes harm even if he could show error in the trial court's denial of his motion to suppress. *See* Tex. R. App. P. 44.1(a).  Appellant's deposition occurred in July 2012. Appellees filed their motion for summary judgment, to which they attached the deposition excerpts, in August 2012.  Although appellant objected to the trial court's consideration of the deposition excerpts in September 2012 and October 2012 on the ground that he had not been able to change his responses, he did not at that time or any time thereafter (including in his briefing on appeal) identify the changes which he sought to make or explain how his deposition

10

testimony was incomplete or incorrect. The trial court granted appellees' summary judgment motion in December 2012.

Because nothing in the record establishes the changes that appellant sought to make to his deposition testimony, we cannot conclude that any error of the trial court in admitting and considering the unchanged deposition excerpts harmed appellant. *See* Tex. R. App. P. 44.1(a); *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001) (op. on reh'g) ("Typically, a successful challenge to a trial court's evidentiary rulings requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted."); *see also Aston Meadows, Ltd. v. Devon Energy Prod. Co.*, 359 S.W.3d 856, 864 (Tex. App.—Fort Worth 2012, pet. denied) (applying rule 44.1's harm standard to the trial court's evidentiary decision in a summary judgment case). We therefore overrule the remaining part of appellant's third issue.

### Propriety of the Trial Court's Summary Judgment Decision

Finally, in his fourth issue, appellant argues that the trial court erred by granting appellees' motion for summary judgment. He contends that conflicting, material facts precluded summary judgment.

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp*

11

*Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). Also, after an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

Appellant's first amended petition was his live pleading at the time of the trial court's summary judgment decision. In that petition, he alleged that he was a prisoner at a correctional center that MTC operated. He brought claims against appellees on the following theories: (1) "his First Amendment Rights were violated by retaliation and threats for utilizing the prison grievance system"; (2) "his First Amendment Rights were violated when the unit failed to process and [denied] him access to the prison grievance system"; (3) "his Fourteenth

12

Amendment Rights were violated by denying him due process to file his legal claims in a court of law"; (4) "his Fourteenth Amendment Rights were violated by threatening and denying other inmates from seeking counsel with the plaintiff, as they prepared their legal documents"; (5) his "Fourteenth Amendment Rights were violated when his right to mail legal documents [was interfered] with and stalled by [Walker and Denny]"; and (6) "his Fourteenth Amendment Rights to access to courts [were] violated by not giving adequate and timely access to electronic and digital resources to research his legal cases." In his argument on appeal, appellant focuses only on alleged denial of access to the prison's grievance system, alleged retaliation for filing grievances and for filing this lawsuit, and alleged denial of his access to court.[9]

**Alleged denial of access to grievance system**

We construe appellant's first contention in his fourth issue as a challenge to the trial court's decision to grant summary judgment against his claim that his "First Amendment Rights were violated when the unit failed to process and [denied] him access to the prison grievance system." The government code requires the Texas Department of Criminal Justice to maintain a system for resolving inmates' grievances. *See* Tex. Gov't Code Ann. § 501.008 (West

---

[9]We therefore affirm the trial court's summary judgment to the extent that it encompasses claims about which appellant has not presented any appellate argument. *See Cuidado Casero Home Health of El Paso, Inc. v. Ayuda Home Health Care Servs., LLC*, 404 S.W.3d 737, 743–44 (Tex. App.—El Paso 2013, no pet.).

13

2012); *Hamilton v. Williams*, 298 S.W.3d 334, 341–42 (Tex. App.—Fort Worth 2009, pet. denied). Appellant contends in his brief that on

> numerous occasions, [appellee] Wilkinson expounded grievance rules beyond her authority to prevent [a]ppellant from filing grievances, by either claiming to misinterpret [a]ppellant's grievance[s] or alleging he violated [protocol], which he did not. . . . Or, [Wilkinson] would just not [input] the grievance into the [computer] system to avoid generating an automated grievance number.

While appellant directs us to pages in the clerk's record that show his grievances and Wilkinson's responses, he does not direct us to summary judgment evidence establishing that Wilkinson's responses violated any policy, as he alleges. For example, appellant refers us to an August 2011 grievance in which he complained about air conditioning and missing legal research volumes in the unit's law library. Wilkinson responded to that grievance by stating that appellant had impermissibly raised more than one issue in a single grievance. Although appellant appears to claim that his submission of more than one issue in a grievance did not violate protocol, he does not direct us to any place in the record that contains the protocol or proves that Wilkinson responded improperly.

Likewise, in October 2011, appellant wrote a grievance about difficulties he was facing in conducting legal research, alleging that his unit was not in compliance with an access-to-court policy. Wilkinson responded that this

grievance was redundant with another request. Appellant has not directed us to summary judgment evidence establishing that this response was improper.[10]

Thus, the summary judgment evidence to which appellant directs us does not support the conclusory premise that underlies the first part of his fourth issue—that Wilkinson "expounded grievance rules beyond her authority to prevent [him] from filing grievances." In other words, we cannot agree with appellant's ultimate conclusion that he submitted, beyond mere allegations, "material facts to support a genuine issue in regards to his claim of denial of access to the grievance system." Because the record cites within appellant's brief do not support his argument as presented,[11] we overrule the argument. *See* Tex. R. App. P. 38.1(i); *Jimison v. Tex. Workforce Comm'n & Prof'l Caretakers, Inc.*, No. 02-09-00127-CV, 2010 WL 851418, at *4 (Tex. App.—Fort Worth Mar. 11, 2010, no pet.) (mem. op.) ("We are not obligated to search the record in an effort to verify [an appellant's] assertions.").

**Alleged retaliation**

Next, appellant contends in his fourth issue that he "submitted to the trial court factual evidence of retaliation for filing grievance[s] and [for] the filing of this lawsuit." In his argument within his fourth issue, he particularly discusses only

---

[10]In fact, a document in the record explains that inmates may not submit redundant requests.

[11]We cannot reverse a summary judgment by raising arguments that an appellant has not briefed. *See San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209 (Tex. 1990).

15

one alleged instance of retaliation, claiming that Walker "issued a fraudulent [disciplinary] case against [him] . . . three weeks after the filing of this lawsuit."[12]

To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Institutional Div. of Tex. Dep't of Criminal Justice v. Powell*, 318 S.W.3d 889, 892 (Tex. 2010). Appellees sought summary judgment against appellant's retaliation claims on the ground that appellant could not "establish each required element of [that] cause of action." Appellees then listed the required elements for retaliation. Later, more specifically, appellees stated, "[I]n order to avoid summary judgment, [appellant] must produce some evidence of proximate cause, showing that the adverse act was the result of [appellant's] invocation of a constitutional right."

Appellant's retaliation claim against Walker stems from allegations that in November 2011, he was in the law library and was using a hole puncher when Walker confiscated it because it could be used as a weapon. According to

---

[12]We recognize that appellant, through a record reference in his brief, may be attempting to maintain complaints about retaliation based on other matters, including (1) an event when Denny allegedly asked if appellant needed to be in protective custody due to a grievance he had filed that complained about inmate library clerks and (2) an event when appellant was asked where he had received a certain envelope. Appellees sought summary judgment on those claims based, in part, on appellant's failure to exhaust administrative remedies. Because that independent, unchallenged ground may have supported the trial court's summary judgment with respect to those retaliation claims, we must overrule appellant's fourth issue to that extent. *See Little v. Delta Steel, Inc.*, 409 S.W.3d 704, 722–23 (Tex. App.—Fort Worth 2013, no pet.).

appellant, while debating Walker's confiscation of the hole puncher, he held up a pen and told her that it could also be used as a weapon. Walker believed that appellant had threatened her through that statement. A disciplinary case for threatening Walker was later brought against appellant, and he claimed that the case was in retaliation for filing this suit against appellees.[13]

In his deposition, however, appellant appeared to recognize that he did not know whether Walker was aware of his lawsuit against her at the time of the incident. The deposition indicates that Walker received her citation after the incident. And appellant has not cited to any other evidence in the record establishing that Walker knew of the pending lawsuit at the time of the incident and the initiation of disciplinary processes.

Thus, we cannot conclude that there is a genuine issue of material fact about whether her response during and immediately after the incident was in retaliation for the filing of the lawsuit.[14] *See* Tex. R. Civ. P. 166a(i); *Powell*, 318 S.W.3d at 892; *In re Jones*, No. 01-08-00729-CV, 2010 WL 987723, at *3 (Tex. App.—Houston [1st Dist.] Mar. 18, 2010, no pet.) (mem. op.) ("Causation requires a showing that but for the retaliatory motive, the complained of incident

---

[13]Appellant was initially disciplined for the incident, but that decision was later overturned.

[14]Appellant also contends on appeal that he did not receive a fair hearing in relation to the disciplinary case and that the lack of fairness was "motivated by this lawsuit." But documents submitted by appellant in the trial court show that the officials who decided his disciplinary case and subsequent appeal are not parties to this litigation.

would not have occurred."); *see also Armenta v. Pryor*, 377 Fed. Appx. 413, 416–17 (5th Cir. 2010) (affirming a trial court's decision to grant summary judgment against an inmate's retaliation claim because, in part, the inmate did not show that the defendants had knowledge of grievances against them when they engaged in allegedly retaliatory acts). We overrule this issue to that extent.

**Alleged denial of access to court**

Finally, appellant appears to contend that the trial court erred by granting summary judgment against one of his access-to-court claims. Appellees sought summary judgment on this claim on the ground that appellant had not "suffer[ed] any actual detriment" as a result of any allegedly-denied access to court by appellees.

To sustain a constitutional claim for denial of access to the courts, an inmate must show actual injury to a legal claim by demonstrating that his or her position as a litigant has been prejudiced by the defendant's actions. *Hamilton v. Pechacek*, 319 S.W.3d 801, 815 (Tex. App.—Fort Worth 2010, no pet.). Appellant argues, "The act of denying [him] access to [legal research materials] [a]ffected [his] ability to litigate, causing a lawsuit filed against TDCJ to be dismissed . . . ." But appellant does not direct us to any evidence in the record that shows that a lawsuit was dismissed because of limited access to legal research materials. Also, appellant's deposition testimony indicates that litigation he was involved in had been dismissed for reasons unrelated to delay or limitations in conducting legal research. Thus, we cannot conclude that the trial

18

court erred by granting summary judgment on this claim, and we overrule the remainder of appellant's fourth issue.

## Conclusion

Having overruled all of appellant's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DELIVERED:  September 4, 2014